IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| Geoff Doe | |
|---|---|
| | Plaintiff |
| v. | |
| Zwicker & Associates, P.C., et al., | |
| | Defendants |

Case No.

Jury Trial Demanded

FILED IN CLERK'S OFFICE
2025 DEC 11 PM 4:30
U.S. DISTRICT COURT
DISTRICT OF MASS.

# Plaintiff's Motion for Leave to Proceed under Pseudonyms & Protective Order

Non-attorney Pro-Se Plaintiff Geoff Doe pursuant to Federal Rules of Civil Procedure 5.2 and 26(c), respectfully move this Court for an order granting leave to proceed under pseudonym and protective order limiting disclosure of their identity to counsel for Defendants.

This case is a countersuit to an underlying 3 year long malicious prosecution. Defendant 1's rule 56 motion dated June 20, 2024 reads:

- "MEFA disbursed… to [Redacted] University… to pay for his education" - Argument §I,

- "MEFA disbursed funds to [Redacted] University to pay for the defendant's attendance at [Redacted] University…" - Argument §I ¶2

- "MEFA does not have any record of the defendant asserting that [Redacted] University did not receive the funds…:" Argument §II ¶1

As such, Defendant 1 set the entirety of plaintiff's education within the scope of the malicious prosecution, including plaintiff's first semester as a minor with special needs. Thus

under Federal Rule of Civil Procedure 5.2(a), Plaintiff is entitled to proceed under initials, and also protected under Mass.G.L. c.71B §3.

Additionally, as the underlying facts involve disabilities and experiences of terrorism, which is deductively personally identifiable information protected under HIPAA & FERPA, Plaintiff seeks the protection of confidentiality from undue harassment, discrimination, and violence given Plaintiff's current unemployed status and membership within at least 6 protected classes, exacerbated by the recent domestic topical interest during the Biden administration & the foreseeable geopolitical situation.

The character of the underlying malicious prosecution under color of law infringed upon Plaintiff's constitutional rights. Disclosure of Plaintiff's identity would infringe the constitutional right of privacy that Plaintiff is seeking to dress in this litigation. The underlying case also involves unauthorized disclosure of personally identifiable information of nonparties in addition to private and confidential medical information of plaintiff.

Furthermore, because the defendants named do hold records of Plaintiff's economic life, corroborating disclosed records across the defendants would enable vulnerable personal identification.

Granting plaintiff's request to proceed under pseudonyms is in the public interest and would cause no prejudice to defendants. The conduct of Defendant 1 in representation of their client that is nonparty to this jurisdiction is egregious so that the presumption of openness would be best served by protecting Plaintiff from any externalities that may occur from news media publication.

Furthermore, Plaintiff does not seek to withhold their identity from Defendants (through their counsel) or the Court, but only to proceed pseudonymously to prevent disclosure of Plaintiff's identity in public documents. Allowing Plaintiff to proceed under pseudonyms will not prejudice Defendants; Defendants (through their counsel) will know each Plaintiff's identity.

Accordingly, Plaintiff respectfully asks this court for a protective order limiting disclosure of identity to counsel of defendants. Federal Rule of Civil Procedure 26(c) specifically permits the court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion of a party. The granting of a protective order under Rule 26(c) requires a showing of good cause by the movant, which Plaintiff has shown here.

Plaintiff also seeks leave to proceed under different pseudonyms in other civil cases within this court & filed during.

Tuesday, December 9, 2025

Respectfully submitted

/s/ Geoff Doe

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                         BOSTON MUNICIPAL COURT
                                                    DIVISIOION

| | |
|---|---|
| MASSACHUSETTS EDUCATIONAL FINANCING AUTHORITY,<br>*Plaintiff*<br><br>v.<br><br>███████<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT**

NOW COMES the Plaintiff, Massachusetts Educational Financing Authority, and states the following in support of its Motion for Summary Judgment.

**PROCEDURAL HISTORY**

Massachusetts Educational Financing Authority (hereinafter "MEFA") filed suit against ███████ on or about ███████ 2022 seeking to recover $6,284.77 in damages it incurred as a result of Defendant's default on a student loan agreement. Defendant filed a responsive pleading through counsel on July 15, 2022. Defendant served requests for Production of Docuemnts and Interrogatories on or about September 21, 2022, to which responses were provided on October 24, 2022. This firm mailed its own requests for admissions, interrogatories, and Production of Documents on or about January 31, 2023. To date, this firm does not have any record of receiving any discovery responses. Nonetheless, in the interest of expediency given the age of this case and Plaintiff's desire to avoid a discovery dispute, Plaintiff moves for summary judgment on the basis that its business records plainly establish there is no genuine issue of material fact in dispute.

## ARGUMENT

### I. A Valid Contract Exists Between the Parties

Preliminarily, MEFA is a non-profit state authority created pursuant to M.G.L. ch.15C for the express purpose of promoting higher education in the Commonwealth and providing lower cost financial assistance to the residents of this state. The defendant's electronic signature appears on the loan agreement affixed hereto as Exhibit A. *See* **Exhibit A**. In accordance with the terms of the agreement, MEFA disbursed $▧.00 to ▧ University on ▧ 2014 to pay for his education. *See* **Exhibit B**. Payments made to MEFA in repayment of the loan it made on his behalf are further evidenced in Exhibit B. *See* **Exhibit B**. The most recent payment made towards the account prior to its charge-off was on February 15, 2019 in the amount of $296.48. *See* **Id**. Defendant made a further $1500.00 on ▧, 2023, well after the filing of this lawsuit.

In light of the above, there can be no genuine issue of material fact as to the existence of a contract between the parties. MEFA disbursed funds to ▧ University to pay for the defendant's attendance at ▧ University pursuant to the loan agreement containing his electronic signature. Liu's partial repayment of the loan similarly evidences the contractual relationship between the parties.

### II. MEFA Performed Its Duties Under the Contract

There can be no dispute regarding MEFA's performance of its duties under the terms of the loan agreement. MEFA disbursed loan proceeds pursuant to the terms of the loan agreement on ▧, 2014 to ▧ University to pay for the defendant's attendance at the University. *See* **Exhibit B**. MEFA does not have any record of the defendant asserting that ▧ University did not receive the funds as required by the terms of the loan agreement.

xyqje5ceqfyx@gmail.com

### III. Defendant Breached the Loan Agreements

Defendant breached the loan agreement by failing to make the required payments as they became due. *See* **Plaintiff's affidavit**, *See also* **Exhibit B**. The terms of default are set forth clearly in the loan agreement as follows:

> "[defendant] will be in default and the whole unpaid principal balance, plus accrued but unpaid interest, if any, then outstanding may become due and payable at once at [MEFA's] option and without notice or demand, if (a) payment of any amount required to be paid by [defendant] has not been received by [MEFA] when due." *See* **Exhibit A, "Default and Whole Loan Due"**.

The terms of repayment are similarly set forth in the loan agreement. They read,

> "I promise to pay to you $9,946.24... plus deferred interest added to the Principal Amount of this Loan Agreement... [plus] interest on the paid principal balance of his Loan Agreement... at the rate of 7.59% per annum... The minimum monthly payment on the loan shall be $50. If I do not make a monthly payment when du, I will be in default." *See* **Exhibit A, "Promise to Pay"**.

The attached business records demonstrate the defendant did not make payment as required by the terms of the loan agreement. *See* **Plaintiff's affidavit**; *See also* **Exhibit B**. While Defendant made payments towards the loan balance for years, the last payment prior to the initiation of this lawsuit was on February 15, 2019 in the amount of $296.48. *See* **Exhibit B**. Defendant did not make any further payments until after the initiation of this lawsuit. At the time of his payment in February 2019, a balance of $6,284.77 remained due and owing. *See* **Id**. because Defendant did not make his $50.00 monthly minimum payment after February 2019 while an outstanding balance remained due, he breached the terms of the loan agreement.

### IV. MEFA Has Suffered Damages

MEFA has suffered damages in the amount of $4,784.77 plus costs, as a result of the defendant's breach of the loan agreement. *See* **Plaintiff's Affidavit**. MEFA has provided account records demonstrating the disbursement of the requested funds to ▨ University and

payments made towards the account balance. *See* **Plaintiff's affidavit**; *See also* **Exhibit B**. MFEA has also provided a copy of the loan agreement that governs the account at issue, which provides for the interest. *See* **Exhibit A**.

|  | Plaintiff, |
|---|---|
|  | by its Attorneys, |
| _6/20/25_ | _/R_____ |
| Date | Bryan Zwicker, Esq. BBO# 685391 |
|  | Zwicker & Associates, P.C. |
|  | A Law Firm Engaged in Debt Collection |
|  | 80 Minuteman Road |
|  | Andover, MA 01810 |
|  | (978) 686 2255 Ext 3144 |
|  | MA_LITIGATION@ZWICKERPC.COM |