UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **MIKE M. LIU,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ZWICKER & ASSOCIATES, P.C., et al.,** )<br>)<br>**Defendants.** ) | **Civil Action No.**<br>**25-13820-IT** |

**ORDER**
February 25, 2026

**TALWANI, D.J.**

On December 12, 2025, Plaintiff Mike M. Liu, proceeding *pro se*, filed a Complaint [Doc. No. 1], and an Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] ("Application') (often referred to as a motion for leave to proceed *in forma pauperis*). He also filed a Motion for Leave to Proceed under Pseudonyms & Protective Order [Doc. No. 3] ("Motion").

For the reasons set forth below, the Application [Doc. No. 2] is DENIED without prejudice and the Motion [Doc. No. 3] is DENIED. If Plaintiff wishes to proceed with this action, he must file a new application or pay the $405 filing fee for commencing a non-habeas civil action.

**Motion for Leave to Proceed *In Forma Pauperis***

Litigants seeking to proceed *in forma pauperis* must submit an affidavit that includes a statement of all plaintiff's assets. *See* 28 U.S.C. § 1915(a)(1). This "affidavit" requirement is satisfied as long as the affidavit is "subscribed by him under penalty of perjury," states that the document is true, and contains his signature. *See* 28 U.S.C. § 1746 (unsworn declarations under

penalty of perjury); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 205 (1993) (discussing function of affidavit requirement).

Section 1915 authorizes courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2). In addition, federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

The determination of what constitutes "unable to pay" or unable to "give security therefor," is left to the sound discretion of the district court based on the information submitted by the plaintiff. *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2d Cir. 2002) (citing *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982)). "[O]ne must [not] be absolutely destitute to enjoy the benefit of the [*in forma pauperis*] statute" and the [*in forma pauperis*] statute does not require an individual to "contribute ... the last dollar they have or can get." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). However, "[i]n assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" *Fridman*, 195 F. Supp. 2d at 537 (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978)).

Here, Plaintiff's Application does not contain his signature. His name is typewritten and

the signature line has been left blank.

Plaintiff's Application also omits important information. In response to Question 6 concerning monthly expenses, Plaintiff references mortgage payments and homeowners insurance. However, in response to Question 5 concerning ownership of anything of value, including real estate, he has not identified any property. In addition, he has not provided any information regarding how he affords his basic life expenses. Without this information, the court cannot evaluate whether he may proceed *in forma pauperis*.

If Plaintiff wishes to proceed without prepayment of the filing fee, he must file a new application. Any new application must be signed under penalty of perjury, list any real estate owned, and include an explanation as to how he is able to afford his basic life necessities. He must report, among other things, whether family or friends pay for his living expenses or provide him with tangible goods. Plaintiff must supplement the application, as necessary, with additional relevant information, including any financial support he receives from others.

### **Motion for Leave to Proceed under Pseudonyms & Protective Order**

Here, Liu wants his identity to remain private, including a "protective order limiting disclosure of [his] identity to counsel for Defendants." [Doc. No. 3 at 1]. Among other things, Plaintiff states that he seeks protection from undue harassment, discrimination, and violence given Plaintiff's current unemployed status and membership within at least 6 protected classes, exacerbated by the recent domestic topical interest during the Biden administration & the foreseeable geopolitical situation." *Id.* The First Circuit has noted, however, that "pseudonymity will never be justified when the public disclosure that the party seeks to forestall is already a fact." *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 72 n.3 (1st Cir. 2022) (citing *Kansky v. Coca-Cola Bottling Co. of New England*, 492 F.3d 54, 56 n.1 (1st Cir. 2007)). Because Liu has

already filed the complaint and the Application to Proceed in District Court Without Prepaying Fees or Costs using his real name, pseudonymity is not warranted.

In addition, Liu fails to show that this is an "exceptional cas[e]" warranting pseudonymity. *Massachusetts Inst. of Tech.*, 46 F.4th at 67 (quoting *Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022)). To determine whether a case is "exceptional," the court must apply a "totality of the circumstances" test, balancing "the interests asserted by the movant in favor of privacy against the public interest in transparency," and assessing whether the case fits within four non-exhaustive "paradigms" that ordinarily warrant pseudonymity. *Id.* at 70-72 (quotation marks omitted). Liu makes no effort to place this case within any one of those paradigms. Plaintiff does not adequately justify a deviation from the standard that court cases are public events and the harm alleged is speculative and insufficient to justify pseudonymity. Accordingly, he will not be permitted to proceed under a pseudonym.

## Order

Accordingly, it is hereby ORDERED that

1.  The Motion for Leave to Proceed under Pseudonyms & Protective Order [Doc. No. 3] is DENIED.

2.  The Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] is DENIED without prejudice to filing a new application as set forth above.

3.  If Plaintiff seeks to proceed with this action he must, no later than twenty-one (21) days from the date of this order, file a new application or pay the $405 filing fee. Plaintiff's complaint is subject to screening. Failure to comply will result in the dismissal of this action

without prejudice.

    SO ORDERED.

February 25, 2026
                               /s/ Indira Talwani
                               UNITED STATES DISTRICT JUDGE